UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FILED

MAR -5 PM 1:07

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

APRIL DOJNIA,

       Plaintiff,

v.

ORGANON USA, INC.,
ORGANON
INTERNATIONAL, INC.,
MERCK & CO, INC.,
SCHERING-PLOUGH
CORPORATION, and AKZO
NOBEL NV.,

       Defendants.

_____/

CASE NO.
DIVISION: 8:18-cv-532-T-30MEP

## COMPLAINT

**COMES NOW,** the Plaintiff, APRIL DOJNIA, by and through her undersigned attorneys, and sues the Defendants, ORGANON USA, INC., ORGANON INTERNATIONAL, INC., MERCK & CO, INC., SCHERING CORPORATION and N.V. ORGANON, and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, APRIL DOJNIA, is a citizen of the state of Florida.

2. Plaintiff, APRIL DOJNIA, seeks an amount in controversy in excess of $75,000.00 dollars, exclusive of interest and costs.

3. Defendant, ORGANON USA, INC. is a global pharmaceutical company engaged in the business of creating, manufacturing, marketing, distributing, labeling, researching, developing and selling medicines in the field of women's health, including the contraceptive, NuvaRing.

1

4. Defendant, ORGANON USA INC., is or was at all times pertinent to this action a wholly owned subsidiary of Defendant, AKZO NOBEL NV.

5. Defendant, ORGANON PHARMACEUTICALS USA, INC., is a foreign corporation authorized to and actually transacting business in the state of Florida, with its principal place of business located at 56 Livingston Avenue, Roseland, New Jersey 07068.

6. Defendant, OREGANON PHARMACEUTICALS USA, INC., is a global pharmaceutical company engaged in the business of creating, manufacturing, marketing, distributing, labeling, researching, developing, and selling medicines in the field of woman's health, including the contraceptive, NuvaRing.

7. Defendant, ORGANON PHARMACEUTICALS USA, INC., is or was at all times pertinent to this action a wholly owned subsidiary of Defendant, AKZO NOBEL NV.

8. Defendant, ORGANON INTERNATIONAL, INC., is a foreign corporation authorized to and actually transacting business in the state of Florida, with its principal place of business located at 56 Livingston Avenue, Roseland, New Jersey 07068.

9. Defendant, ORGANON INTERNATIONAL, INC., is a global pharmaceutical company engaged in the business of creating, manufacturing, marketing, distributing, labeling, researching, developing, and selling medicines in the field of women's health, including the contraceptive, NuvaRing.

10. Defendant, ORGANON INTERNATIONAL, INC., is or was at all times pertinent to this action a wholly owned subsidiary of Defendant, AKZO NOBEL NV.

11. Defendant, AZKO NOBEL NV, is a global Fortune 500 Company incorporated and existing under the laws of the country of The Netherlands.

12. Defendant, AZKO NOBEL NV, individually and through its wholly owned subsidiaries,

2

including Defendants herein, engages in a persistent course of conduct, and derives substantial revenue from goods used or consumed in the state of Florida.

13. Defendant, AZKO NOBEL NV, individually and through its wholly owned subsidiaries, including Defendants herein, is a company engaged in the business of creating, manufacturing, marketing, distributing, labeling, researching, developing and selling medicines in the field of women's health, including the contraceptive, NuvaRing.

14. Defendant, SCHERING-PLOUGH CORPORATION acquired the above named Defendants in 2007 and assumed the liabilities attendant thereto, and has its principal place of business in the state of New Jersey.

    a. In 2008, defendant, SCHERING-PLOUGH CORPORATION, acquired defendant, ORGANON PHARMACEUTICAL USA, INC., causing it to be dissolved as a corporation and in turn making it a subsidiary. Through this action defendant, SCHERING-PLOUGH CORPORATION, assumed the liabilities of ORGANON PHARMACEUTICAL USA, INC., as pleaded in this complaint.

    b. In 2009, defendant, MERCK & CO., INC., which has its principal place of business in New Jersey, acquired defendant, SCHERING-PLOUGH CORPORATION, and assumed the liabilities attendant to both SCHERING-PLOUGH CORPORATION and the previously named ORGANON defendants, plus because liable for injuries caused by the aforementioned product, NuvaRing, caused after MERCK & CO., INC., took control.

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00 dollars exclusive of interest and costs.

3

16. Venue is proper in the Middle District of Florida.

## TAG-ALONG ACTION

17. This is a potential tag-along action and in accordance with 28 U.S.C. §1407, it should be transferred to the United States District Court for the Eastern District of Missouri for inclusion in *In re: NuvaRing Products Liability Litigation,* MDL 1964, Case No. 08-md-1964 (Hon. Rodney W. Sippel).

## FACTUAL ALLEGATIONS

18. Plaintiff, APRIL DOJNIA, was born on February 4, 1981.

19. Defendants market NuvaRing as the first and only, once a month vaginal birth control ring, and further markets NuvaRing as providing the same efficacy as birth control pills or the patch in preventing pregnancy, but with more convenience because it offers "month-long protection against pregnancy, so women who use NuvaRing don't have to think about contraception every day."

20. At all times material hereto, Defendants failed to properly disclose the known safety hazards associated with NuvaRing.

21. The package insert accompanying NuvaRing stated that the vaginal ring is expected to be associated with similar risks to that of birth control pills and that the safety information they provide to consumers is derived primarily from studies of birth control pills.

22. Therefore, the safety information provided to the consumer was not derived primarily from studies of NuvaRing and, therefore the package insert accompanying NuvaRing is misleading.

23. However, Estonogestrel, a synthetic, third-generation progestin, that Defendants Organon use in the NuvaRing as a starting agent, was not the subject of sufficient and adequate

4

testing. Defendants Organon knew or should have known that information conveying potential adverse events involving Deep Vein Thrombosis (DVT), Pulmonary Embolism (PE), stroke, and death should have been set forth in the package insert.

24. The safety information provided to the consumer was not derived primarily from studies of NuvaRing.

25. Defendants, including by and through their predecessor and affiliate corporations, failed to warn of the extent of the risk of venous thromboembolism, including DVT, PE, stroke, and death associated with the use of contraceptive vaginal route of administration, the NuvaRing could cause.

26. Pharmaceutical drugs are subject to the federal statutory requirement that their labeling carry adequate warnings. 21 U.S.C. §352(f)(2).

27. Defendants knew, but failed to disclose, in violation of federal law, that NuvaRing a higher risk of thromboembolic complications than oral contraceptives, due to the markedly potential androgenic effects caused by the synthetic, third-generation progestin used in NuvaRing.

28. Defendants negligently and/or recklessly marketed NuvaRing as a novel vaginal delivery system, and placed the product into the stream of commerce without conducting adequate tests to regulate the exposure and/or release rates of estrogen and Progestin to a user, including Plaintiff, APRIL DOJNIA, of such product.

29. At all times material hereto, Defendants Organon, by and through their agents, servants and/or employees, negligently, recklessly, carelessly and/or grossly negligently marketed, distributed and/or sold NuvaRing without adequate instructions or warnings of its known serious side effects and unreasonably dangerous risks.

30. Instead, Defendants, Oreganon, market NuvaRing as having a low risk of side effects and continues to minimize NuvaRing's side effects by focusing on the incidence of minor side effects stating as follows: "with NuvaRing there is a low incidence of side effects, such as headaches, nausea, and breast tenderness."

31. As a result of the claims of Defendants regarding the safety and effectiveness of NuvaRing, Plaintiff began using NuvaRing pursuant to a prescription from her doctor.

32. While on NuvaRing Plaintiff, APRIL DOJNIA, suffered a deep vein thrombosis (DVT) and pulmonary emboli on or about March 24, 2015.

33. As a direct and proximate result of using NuvaRing Plaintiff, APRIL DOJNIA, suffered injuries and continues with regular follow-up care.

34. Prior to Plaintiff's use of NuvaRing, Defendants knew or should have known that use of their products created a venous thromboembolism, including DVT, PE, stroke, and death more than oral contraceptives.

35. Despite the fact that Defendants knew or should have known of the serious health risks, including venous thromboembolism associated with the use of NuvaRing, Defendants failed to warn Plaintiff of said risks before she used the product and failed to conduct appropriate testing prior to the NuvaRing prescribed to Plaintiff.

36. Additionally, at all times material hereto, Defendants failed to properly disclose the known safety hazards associated with NuvaRing.

37. Had Plaintiff known the risks and dangers associated with NuvaRing, she would not have use NuvaRing and would not have suffered the aforementioned injuries.

38. As a direct and proximate result of Plaintiff's use of NuvaRing, Plaintiff suffered intense and excruciating physical pain and suffering from the initial onset of her injuries until she

ultimately required hospitalization.

39. Furthermore, as a direct and proximate result of Plaintiff's use of NuvaRing, Plaintiff has suffered economic and non-economic losses, has incurred hospital expenses and will incur future medical expenses.

40. Defendants' actions and omissions as identified in this Complaint demonstrate a flagrant disregard for human life, so as to warrant the imposition of damages based on aggravating circumstances.

## COUNT I- STRICT PRODUCTS LIABILITY DEFECTIVE MANUFACTURING

41. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges the following:

42. Defendants are the manufactures, designers, distributors, sellers, or suppliers of NuvaRing and were responsible for marketing, labeling, and/or selling the NuvaRing and otherwise putting it into the stream of commerce.

43. The NuvaRing manufactured, designed, sold, distributed, supplied, and/or placed in the stream of commerce by Defendants, was defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications, posing a serious risk of injury and death to consumers, including the Plaintiff.

44. As a direct and proximate result of Plaintiff's use of NuvaRing as manufactured, designed, sold, supplied, and/or introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm.

45. As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law strict products liability.  Further, Defendants' actions and omissions

as identified in this Complaint constitute a willful and wanton disregard for the rights and safety of Plaintiff, so as to warrant the imposition of punitive damages.

## COUNT II- STRICT PRODUCTS LIABILITY- DEFECTIVE DESIGN

46. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges the following:

47. Defendants are the manufacturers, designers, distributors, sellers, or suppliers of NuvaRing and were responsible for marketing, labeling, and/or selling the NuvaRing and otherwise putting it into the stream of commerce.

48. The product, NuvaRing, manufactured and supplied by Defendants was defective in design or formulation in that, when it left the control of the Defendants, the foreseeable risks of the product exceeded the benefits associated with its design or formulation, or it was more dangerous than an ordinary consumer would expect and less safe than oral contraceptives.

49. The foreseeable risks associated with the design or formulation of NuvaRing include, but are not limited to, the fact that the design or formulation of NuvaRing is more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner and more dangerous than oral contraceptives.

50. NuvaRing was defective in that it was not properly designed or prepared and/or was not accompanied by proper warnings regarding the prevalence and severity of adverse side effects associated with its use.

51. NuvaRing was further defective in that its design and manufacture contained unnecessarily dangerous hormones and released an uneven amount of the said hormones.

52. The foreseeable risks associated with the design of the NuvaRing include, but are not

limited to, the fact that NuvaRing is more dangerous and presents a greater risk of injury than an ordinary consumer would reasonably expect when using this type of product in an intended or reasonably foreseeable manner.

53. At the time the NuvaRing left the control of Defendants, there were practical and feasible alternative designs that would prevented and/or significantly reduced the risk of Plaintiff's injuries without impairing the reasonably anticipated or intended function of the product. These safer alternative designs were economically and technologically feasible, including use of a second generation progestin, and would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the product's utility.

54. As a direct and proximate result of Plaintiff's use of NuvaRing as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages, and economic loss and will continue to suffer such harm, damages, and economic loss in the future.

55. As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law. Furthermore, Defendants' actions and omissions as identified in this Complaint constitute a willful and wanton disregard for the rights and safety of Plaintiff, so as to warrant the imposition of punitive damages.

## COUNT III- STRICT PRODUCTS LIABILITY-
## DEFECT DUE TO INADEQUATE WARNINGS

56. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges the following:

57. The NuvaRing manufactured and supplied by Defendants was defective due to inadequate warning or instruction because Defendants knew or should have known that

the product created significant risks of serious bodily harm and death to consumers and they failed to adequately warn consumers and/or health care providers of such risks, including the extent of risks of the types of injuries Plaintiff suffered as a result of using NuvaRing.

58. NuvaRing as manufactured and supplied by Defendants was defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of serious bodily harm and death from the use of NuvaRing, Defendants failed to provide an adequate warning to consumers and/or their health care providers that NuvaRing could cause serious injury or death.

59. Defendants marketed, promoted and advertised their NuvaRing product to physicians and to the public as more effective and safe than the oral contraceptive pill, at a time that the Defendants had actual and/or constructive knowledge that the NuvaRing was less safe than oral contraceptives.

60. Defendants failed to warn prescribing physicians and the public that the NuvaRing was associated with increased risk of cardiovascular thromboembolic complications than oral contraceptives.

61. Defendants knew, but failed to disclose that NuvaRing had a higher risk of cardiovascular thromboembolic complications than oral contraceptives, due to the markedly potentiated androgenic effects caused by the synthetic progestin used in the NuvaRing.

62. Defendants failed to provide proper and full information as to the safety of the NuvaRing to the U.S. Food and Drug Administration, which regulates the sale of the NuvaRing.

63. Defendants did not reasonably warn the medical profession of precautions and known potential complications of NuvaRing to enable physicians and other healthcare providers

to reasonably assess the risks versus the benefits of the use of the NuvaRing for contraception.

64. Plaintiff and her prescribing physician were unaware of the increased risks and danger of harm inherent in NuvaRing, as described above, and would have used and prescribed other methods for birth control if they had been so informed.

65. Defendants' failure to warn of the increased risks and danger of harm inherent in NuvaRing, as described above, created an unreasonable danger to users of this product, and the product was unreasonably dangerous at the time it was prescribed to Plaintiff.

66. Plaintiff was prescribed and used the NuvaRing for its intended purpose and as reasonably anticipated without knowledge of its characteristics, and could not have discovered any defect in the product through the exercise of reasonable care.

67. The warnings that were given by Defendants were not accurate, clear, and/or were ambiguous.

68. As a direct and proximate result of Plaintiff's use of Nuvaring as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

69. As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law.  Furthermore, Defendants' actions and omissions as identified in this Complaint constitute a willful and wanton disregard for the rights and safety of Plaintiff, so as to warrant the imposition of punitive damages.

## COUNT IV- STRICT PRODUCTS LIABILITY DUE TO NON-CONFORMANCE WITH REPRESENTATIONS

70.  Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully

set forth herein and further alleges the following:

71. Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of NuvaRing and made representations regarding the character or quality of NuvaRing.

72. The NuvaRing manufactured and supplied by Defendants was defective in that, when it left the control of Defendants, it did not conform to representations made by Defendants concerning the product.

73. Defendants had an economic interest in all transactions involving sales and prescriptions of NuvaRing.

74. Plaintiff justifiably relied upon Defendants' representations regarding NuvaRing when they used NuvaRing.

75. As a direct and proximate result of Plaintiff's use of NuvaRing and her reliance on Defendants' representations regarding the character and quality of NuvaRing, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

76. As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law. Furthermore, Defendants' actions and omissions as identified in this complaint constitute a willful and wanton disregard for the rights and safety of Plaintiff, so as to warrant the imposition of punitive damages.

## COUNT V- NEGLIGENCE

77. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges the following:

78. Defendants had a duty to exercise reasonable care in the design, manufacture, sale and/or distribution of NuvaRing into the stream of commerce, including a duty to assure that its

product did not pose a significantly increased risk of bodily harm and adverse events.

79. Defendants failed to exercise ordinary care in the design, formulation, manufacture, sale, testing, quality assurance, quality control, labeling, marketing, promotions, and distribution of NuvaRing into interstate commerce in that Defendants knew of should have known that the product caused such significant bodily harm or death and was not safe for use by consumers.

80. Defendants failed to exercise ordinary care in the labeling or NuvaRing and failed to issue to consumers and/or their health care providers adequate warning of the risk of serious bodily injury or death due to the use of NuvaRing.

81. Despite the fact that Defendants knew or should have known that NuvaRing posed a serious risk of bodily harm to consumers, Defendants continued to manufacture and market NuvaRing use by consumers.

82. Defendants knew or should have known that consumers such as the Plaintiff would foreseeably suffer injury as a result of Defendants' failure to exercise ordinary care as described above.

83. Defendants deliberately bypassed confining its promotions of NuvaRing to learned intermediaries and instead engaged in extensive and expensive direct-to-consumer advertising, including over the internet, in which promotional material adequate warnings were not given, thereby assumed a direct duty to the user.

84. Plaintiff's injuries and damages alleged herein were and are the direct and proximate result of the negligence of Defendants are as follows:

    a.  In its failure to warn or instruct, and/or adequately warn or adequately instruct, users of NuvaRing, including Plaintiff, of its known dangerous and defective

characteristics;

b.  In its design, development, implementation, administration, supervision and/or monitoring of clinical trials for NuvaRing;

c.  In its promotion of NuvaRing in an overly aggressive, deceitful and fraudulent manner, despite knowledge of the product's defective and dangerous characteristics due to its propensity to cause serious injury and/or death;

d.  In representing that NuvaRing was safe for its intended use when, in fact, the product was unsafe for its intended use;

e.  In utilizing dangerous levels of progestins which was never used before as a starting agent in contraceptives and without first conducting adequate testing;

f.  In utilizing combined contraceptives in a vaginal route of administration without first conducting adequate testing as to the release and/or exposure rates of such contraceptives;

g.  In failing to perform appropriate pre-market testing of NuvaRing;

h.  In failing to perform appropriate post-market testing of NuvaRing;

i.  In failing to perform appropriate post-marketing surveillance of NuvaRing;

j.  In failing to have uniform labels on contraindications of use of the product

85. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered harm, damages and economic loss and will continue to suffer such harm, damages, and economic loss in the future.

86. Defendants' conduct as described above, including but not limited to its failure to adequately test NuvaRing, to provide adequate warnings, and its continued manufacture, sale and marketing of the product when it knew or should have known of the serious

health risks it created, evidences a flagrant disregard of human life so as to warrant the imposition of punitive damages.

## COUNT VI- BREACH OF EXPRESS WARRANTY

87. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges the following:

88. Defendants expressly warranted that NuvaRing was a safe and effective prescription contraceptive.

89. Defendants promoted NuvaRing to the FDA, prescribing doctors, the public and Plaintiff, as "safe", "favorable safety profile", "low side effects", "less side effects", "low hormones" and other similar terms.

90. Defendants deliberately promoted what it called "low estrogen" in its said product as a means of avoiding reference to the dangerous progestin which it used in the product, and used the dangerous progestin as compared to other, safer progestins to save money since they owned the patent to the progestin which they used.

91. Members of the consuming public, including Plaintiff, were intended beneficiaries of the warranty.

92. The NuvaRing manufactured and sold by Defendants did not conform to these express representations because it caused serious injury to consumers when taken in recommended dosages.

93. Defendants breached their express warranty in one or more of the following ways:

   a. NuvaRing as designed, innovated, marketed, manufactured, and/or sold and distributed by Defendants, was defectively designed and placed in to the stream of commerce by Defendants in a defective and unreasonably dangerous condition.

b. Defendants failed to warn of the likelihood and severity of adverse side effects of NuvaRing, and/or did not provide adequate warnings and instructions on the product, nor did they employ other reasonable means to inform doctors and patients of the risks of the drug

c. Defendants failed to adequately test NuvaRing and to monitor its effects.

d. Defendants failed to provide timely and adequate post-marketing warnings and instructions after they knew the true risks of injury from NuvaRing.

97. As a direct and proximate result of Defendants' breach of warranty, Plaintiff has suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

## COUNT VII- BREACH OF IMPLIED WARRANTY

98. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges the following:

99. At the time Defendants designed, manufactured, marketed, sold, and distributed NuvaRing for use by Plaintiff, Defendants knew of the use for which NuvaRing was intended and impliedly warranted the product to be of merchantable quality and safe for such use.

100. Plaintiff reasonably relied upon the skill and judgment of Defendants as to whether NuvaRing was of merchantable quality and safe for its intended use and upon Defendants' implied warranty as to such matters.

101. Contrary to such implied warranty, NuvaRing was not of merchantable quality or safe for its intended use, because the product was unreasonably dangerous as described above.

102.     As a direct and proximate result of Defendants' breach of warranty, Plaintiff has suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

## COUNT VIII- NEGLIGENT AND/OR INTENTIONAL MISREPRESENTATION

103.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges the following:

104.     Defendants knew or were aware or should have been aware that NuvaRing had not been sufficiently tested, and was unsafe, defective in design and manufacture, unreasonably dangerous and/or that it lacked adequate and/or sufficient warnings.

105.     Defendants knew and were aware or should have been aware that NuvaRing promoted more risks of clotting than other contraceptives demonstrating that further testing was needed.

106.     Defendants knew or should have known that NuvaRing had a potential to, could, and would cause severe and grievious injury to the users of said product, and that it was inherently dangerous in a manner that exceeded any purported, inaccurate, and/or down-played warnings.

107.     Defendants knew or should have known the safety profile in the U.S. label was misleading to prescribing doctors and users of NuvaRing, including Plaintiff, as the label contained contraindications different than that of other NuvaRing labels.

108.     Plaintiff reasonably relied upon Defendants' representations to Plaintiff and/or her health care providers that NuvaRing was safe for human consumption and/or use and that Defendants' labeling, advertisements and promotions fully described all known risks of the product.

109.     As a direct and proximate result of Defendants' fraudulent and/or negligent actions and omissions, Plaintiff used NuvaRing and suffered harm, damages, and economic loss and will continue to suffer such harm, damages and economic loss in the future.

110.     Defendants' actions and omissions as identified in this Complaint demonstrate a willful and wanton disregard for the rights and safety of Plaintiff, so as to warrant the imposition of punitive damages.

## COUNT IX- FALSE ADVERTISING

111.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges the following:

112.     Defendants knowingly misrepresented NuvaRing as a safe and effective contraceptive and knowingly made false statements and omissions of material fact concerning the properties, ingredients, characteristics, qualities, benefits, uses, efficacy, safety, and/or testing of NuvaRing to the Plaintiff and the general public.

113.     In its labeling, marketing, direct-to-consumer advertising, promotion, sale, and distribution of NuvaRing, Defendants made untrue, deceptive, and/or misleading material assertions, representations, and/or statements downplaying risks associated with NuvaRing and exaggerating the drug's safety to the Plaintiff and the general public when Defendants had actual knowledge of the serious, adverse health effects associated NuvaRing including, but not limited to, deep vein thrombosis, pulmonary embolism, heart attacks, stroke, cardiovascular thromboembolic complications and even death.

114.     Defendants intended to increase the sale and consumption of NuvaRing by falsely marketing NuvaRing as safe and effective, and by concealing facts regarding the

dangerous properties of NuvaRing, to thereby induce Plaintiff's physicians to prescribe

NuvaRing and to ultimately cause Plaintiff to purchase and consume NuvaRing.

115.    In purchasing and consuming NuvaRing, Plaintiff reasonably relied upon

Defendants' false and misleading assertions and omissions of material fact that NuvaRing

was a safe and effective contraceptive option.

116.    As a direct and proximate result of Defendants' false statements as herein alleged,

Plaintiff used NuvaRing and suffered severe and debilitating injuries and economic loss,

including but not to limited to, cost of medical care, rehabilitation, lost income,

permanent health conditions, and pain and suffering.

## COUNT X- STRICT PRODUCTS LIABILITY
## DUE TO FAILURE TO ADEQUATELY TEST

117.    Plaintiff incorporates by reference each and every paragraph of this Complaint as

if fully set forth herein and further alleges the following:

118.    Defendants repeatedly advised consumers and the medical community that

NuvaRing contained the same safety profile as oral hormonal birth control pills.

119.    Had Defendants adequately tested the safety of NuvaRing versus oral hormonal

birth control pills and disclosed those results to the medical community or the public,

Plaintiff would not have used NuvaRing for birth control.

120.    As a direct and proximate result of Defendants' failure to adequately test the

safety of NuvaRing versus oral hormonal birth control pills, Plaintiff sustained injuries as

described herein. As a result, Plaintiff suffers harm, economic loss, non-economic loss,

and damages for aggravating circumstances and other losses.

121.    As a direct and proximate result of the said wrongful, willful, and reckless acts

and conduct of the Defendants, Plaintiff suffered greatly and endured excruciating pain

and suffering, incurred substantial medical and other expenses, for which Plaintiff is entitled to recover.

## COUNT XI- PUNITIVE DAMAGES

122.    Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges the following:

123.    At all times material hereto, the Defendant knew of should have known that NuvaRing was inherently more dangerous with respect to the risks of DVT, PE, heart attacks, stroke, cardiovascular thromboembolic complications, and even death than other birth control medications including oral contraceptives.

124.    At all times material hereto, the Defendant attempted to misrepresent and did misrepresent facts concerning the safety and efficacy of NuvaRing.

125.    Defendants' misrepresentations included intentionally withholding material information from the medical community and the public, including Plaintiff, regarding the safety of NuvaRing.

126.    Notwithstanding the foregoing, Defendant continued to aggressively market NuvaRing to consumers, including Plaintiff, without disclosing the aforementioned side effects when there were safer alternative birth control medications including oral contraceptives.

127.    The Defendants knew of NuvaRing's defective and unreasonably dangerous nature, as set forth herein, but continued to design, develop, manufacture, market, distribute, and sell it so as to maximize sales and profits at the health and safety of the public, including Plaintiff, in conscious and/or reckless disregard of the foreseeable harm caused by NuvaRing.

128.    Defendants fraudulently, intentionally, and/or recklessly concealed and failed to disclose to the public, including Plaintiff, the potentially life threatening side effects of NuvaRing in order to ensure continued and increased sales.

129.    Defendant's intentional and/or reckless failure to disclose information deprived Plaintiff of the necessary information to enable the Plaintiff to weigh the true risk of using NuvaRing against its benefits.

130.    The aforementioned conduct of Defendant in the license, approval process, design, manufacturing, assembly, packaging, warning, marketing, advertising, promotion, distribution and sale of NuvaRing was fraudulent, knowing misconduct, willful and/or conduct undertaken to recklessly and with conscious disregard for the safety of Plaintiff such as to constitute despicable conduct, and oppression, fraud and malice, and at all times relevant, such conduct was ratified by the corporate Defendant herein, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example to Defendant, and to deter them from similar conduct in the future.

131.    Plaintiff seeks actual and punitive damages from the Defendant as alleged herein pursuant to all appropriate state statutes and common law.  The injuries and damages alleged herein are permanent and will continue into the future.

WHEREFORE, Plaintiff prays for relief against Defendants, jointly and severally, as follows:

1.  Compensatory damages, in excess of the amount required for federal diversity jurisdiction, and in an amount to fully compensate Plaintiff for all her injuries and damages, both past and present;

2.  Special damages, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate Plaintiff for all of her injuries and damages, both past and

present, including but not limited to, past and future medical expenses, costs for past and

future rehablilitation, and/or home health care, lost income permanent diability, including

permanent health conditions, and pain and suffering.

3.  Punitive damages in excess of twice the compensatory damages award;

4.  Attorneys' fees, expenses, and costs of this action;

5.  Pre-judgment and post-judgment interest in the maximum amount allowed by law; and

6.  Such further relief as this Court deems necessary, just, and proper.

### JURY DEMAND

Plaintiff demands a trial by jury of all claims so triable.

DATED this _____ day of February, 2018.

Respectfully Submitted,

Chris M. Limberopoulos, Esq.
Florida Bar No.: 341126
Kevin Sparkman, Esq.
Florida Bar. No.: 721743
The Florida Law Group
407 N. Howard Ave., Suite 100
Tampa, Florida 33606
service@floridalawgroup.com
(813) 463-8880 Telephone
(813) 283-2943 Facsimile